Joseph N. Froehlich
Casey B. Howard
LOCKE LORD BISSELL & LIDDELL LLP
3 World Financial Center
New York, New York 10281-2101
Phone: (212) 415-8600
Fax: (212) 812-8398
jfroehlich@lockelord.com
choward@lockelord.com

**UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE,<br><br>Regarding the Chapter 13 Case,<br><br>In re:<br><br>ROBERT V. SINGLETON, SR.,<br><br>                          Debtor.<br>_____ | Case No. 10-13683 (SCC)<br>Chapter 13 |

## MEMORANDUM OF LAW IN SUPPORT OF BAC HOME LOANS SERVICING, L.P.'S MOTION TO QUASH SUBPOENA

BAC Home Loans Servicing, L.P. ("BAC"), pursuant to Federal Rule of Civil Procedure 45 as incorporated in Federal Rule of Bankruptcy Procedure 9016, respectfully submits this memorandum of law in support of its Motion to Quash the Subpoena ("Subpoena") served by the United States Trustee for Region 2, Tracy Hope Davis ("UST").[1]

---

[1] A true and correct copy of the subpoena is attached as **Exhibit A**.

1

# I.
# MOTION TO QUASH

The Subpoena should be quashed on the following grounds:

**A.  The Subpoena is procedurally improper.**

1.  The Debtor filed an objection to BAC's proof of claim on January 11, 2011 (Dkt. No. 21) (the "Objection").  BAC's deadline to respond to the Objection is February 18, 2011, and a hearing on the Objection is set for March 3, 2011 (Dkt. No. 21).  The UST has not joined in or intervened in the Objection, and the UST lacks standing to do so under the same authorities cited below that prohibit the UST from conducting the examination.  Given the Objection, the Subpoena represents an improper attempt to circumvent the Debtor's Objection and the proceedings relating to the Objection.  Accordingly, the Subpoena is superfluous and imposes an undue burden on BAC by requiring BAC to respond to both the Objection and the Subpoena.

2.  The time and location of the examination and document production in the Subpoena do not comport with the requirements of Federal Rule of Bankruptcy Procedure 2004 or 9016 and are inconvenient and unduly burdensome.  *See* FED. R. CIV. P. 45(c)(3)(a)(i), (iv) (stating " . . . the issuing court must quash or modify a subpoena that fails to allow a reasonable time to comply . . . or subjects a person to undue burden."); FED. R. BANKR. P. 9016.  In fact, the Motion is part of a coordinated effort by the UST at a national level, which, at the time of this filing, has resulted in more than 60 motions for examinations under Federal Rule of Bankruptcy Procedure 2004 or subpoenas directed at either BAC or Bank of America, N.A., calling for the simultaneous production of documents and witnesses in multiple locations.[2]  The time and

---

[2] In addition to this case, the UST has issued subpoenas or filed motions for Rule 2004 examinations in the following bankruptcy cases: Case Nos. 10-92522, 10-36534, and 10-94371 before the United States Bankruptcy Court for the Eastern District of California; Case Nos. 10-23473, 10-22833, 10-21364, 10-28077, 10-22780, 10-22769, and 10-22350 before the United States Bankruptcy Court for the District of Nevada; Case Nos. 10-13640, 10-15648, 10-16208, 10-16635, and 10-17240 before the United States Bankruptcy Court for the Eastern District of Arkansas; Case No. 07-73592 before the United States Bankruptcy Court for the Western District of Arkansas; Case Nos. 10-

location of the document production and examination set forth in the Order cannot be met given the burden of these multiple proceedings.

3. Although the UST has purported to provide a "Customer Consent and Authorization for Access to Financial Records" in connection with the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3401, *et seq.* ("RFPA"), in at least one other case, *In re Peters*, Case No. 10-22350-LBR (Bankr. D. Nev.), the UST issuing the subpoena provided not only an "authorization" for the production of the debtor's personal financial information, but also a motion to quash the subpoena and a sworn statement from the debtor opposing the production. *See* **Exhibit B** attached hereto. Accordingly, the adequacy of the UST's compliance with at least one RFPA is uncertain. Without adequate evidence of RFPA compliance, the subpoena should be quashed.

4. BAC's corporate headquarters are located in California. The Subpoena requires BAC to "travel more than 100 miles" from its principal place of business, and therefore the Court should quash or modify the Subpoena. *See* FED. R. CIV. P. 45(c)(3)(A)(ii); FED. R. BANKR. P. 9016.

5. Assuming the Court determines the UST has authority to conduct the examination requested and to command the production of documents, and assuming the UST obtains a release under the RFPA, with respect to the time for production of documents BAC requests it be given

---

36259, 10-32911, 05-17135, 10-53633, and 10-20277 before the United States Bankruptcy Court for the Northern District of Ohio; Case Nos. 10-24596 and 10-13453 before the United States Bankruptcy Court for the Western District of Tennessee; Case Nos. 10-61829, 10-61680, 10-35657, 10-61303 and 10-34865 before the United States Bankruptcy Court for the Southern District of Ohio; Case Nos. 10-31341, 10-30090, 10-40559, 10-40109, 10-34059, 10-30862, 10-27324, 10-37359, 10-3266, 10-42881, 10-41982, and 10-38190 before the United States Bankruptcy Court for the District of New Jersey; Case Nos. 10-12379, 10-16149, 10-13992, and 10-71916 before the United States Bankruptcy Court for the Southern District of Indiana; Case Nos. 10-02602 and 10-37876 before the United States Bankruptcy Court for the Central District of California; Case Nos. 10-41359, 10-50983, and 10-31193 before the United States Bankruptcy Court for the Middle District of Georgia; Case No. 10-24928 before the United States Bankruptcy Court for the Western District of Pennsylvania; Case Nos. 10-22788, 10-49046, 10-42755, 10-45964, 10-21639 before the United States Bankruptcy Court for the Western District of Washington; Case No. 10-17040 before the United States Bankruptcy Court for the Northern District of Illinois; and Case No. 10-12431 before the Northern District of New York.

30 days from the date of a properly authorized and served subpoena compliant with Rule 2004, Federal Rule of Bankruptcy Procedure 9016, and Federal Rule of Civil Procedure 45 to comply with any document production requests.

**B.    The UST lacks the authority to obtain an examination under Bankruptcy Rule 2004.**

6.    The Subpoena and 2004 examination exceed the UST's powers under 11 U.S.C. § 307 and 28 U.S.C. § 586.  The UST's power is both defined and limited by statute.  The UST is a part of the United States Department of Justice, an agency of the United States government.  *In re Vance*, 120 B.R. 181, 185 (Bankr. N.D. Okla. 1990).  As an agency, the UST has only the power specifically granted to it by Congress.  *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 91 (2002) (an agency may not exercise power "inconsistent with the administrative structure Congress enacted into law"); *Michigan v. EPA*, 268 F.3d 1075, 1082 (D.C. Cir. 2001)  (The EPA, as a federal agency, "has…only those authorities conferred on it by Congress").

7.    The UST's powers and duties are primarily set forth in 28 U.S.C. § 586(a), and, while the statute gives the UST the power to monitor aspects of the bankruptcy process ranging from plans to fee applications, it does not provide the authority to conduct examinations under Federal Rule of Bankruptcy Procedure 2004 or to monitor and investigate proofs of claim.  None of the many provisions of the Bankruptcy Code relating to the UST's duties and powers give this right either.[3]

---

[3] The UST is given specific powers and duties in the following sections of Title 11:  section 110(j) – to bring a civil action against a bankruptcy petition preparer; section 111 – to review and approve non-profit budget and credit counseling agencies; section 303(g) – to appoint an interim trustee in an involuntary case); section 321 – to serve as trustee in a case "if necessary"; section 327(c) – to object to employment by a trustee of a professional who represents a creditor; section 330(a) – to participate in hearings on compensation of officers in a case; section 332 – to appoint a consumer ombudsman; section 341 – to convene and preside at the first meeting of creditors; section 343 – to examine the debtor; section 345 – to approve certain corporate sureties; section 526 – to bring actions against a debt relief agency; sections 701(a) and 703(a) – to appoint interim Chapter 7 trustees or serve as interim trustee; section 704 – to file reports regarding whether an individual debtor filing is presumptively abusive; section 705(b) – to consult with creditors' committees; section 707(a)(3) – to move for dismissal of a Chapter 7 case for failure to timely file information; section 707 (b) - to seek dismissal of an individual debtor case found to be abusive; section 727 – to object to or seek revocation of a discharge); section 1102 – to appoint committees in

8. Section 307 provides that "the [UST] may raise and may appear and be heard on any issue in any case or proceeding under this Title but may not file a plan pursuant to section 1121(c) of this Title."  11 U.S.C. § 307.  While this provision is worded broadly, it is simply a grant of standing to carry out the UST's remaining duties.  The "may raise and may appear and be heard on any issue in any case or proceeding" language in section 307 is virtually identical to the grant of standing to the Securities and Exchange Commission (the "SEC") in Chapter 11 cases contained in section 1109(a) ("may raise and may appear and be heard on any issue in a case under this chapter...").  *See id.* (likening sections 307 and 1109); *In re BAB Enters.*, 100 B.R. 982, 985 (Bankr. W.D. Tenn. 1989).  Section 1109(a) has a clear single purpose – to give the SEC standing to participate in Chapter 11 cases.  *See In re Clark*, 927 F.2d 793, 796 (4th Cir. 1986) (noting that the UST has "standing under 307 even though [it] had no pecuniary interest in any case.").  The same grant of standing is given to "parties in interest" under section 1109(b).  Section 1109(b) permits such parties in interest—including any creditor—to "raise and ... appear and be heard on any issue in a case" under chapter 11.  Like section 1109, section 307 simply does not contain any substantive power – it is a grant of standing to participate in cases and proceedings and perform statutorily defined and limited duties.

9. In addition to a lack of statutory authority for the Motion, the UST lacks authority under the Federal Rules of Bankruptcy Procedure.  Rule 2004(a) provides: "On motion of any *party in interest*, the court may order the examination of any entity."  However, the UST is not a "party in interest" capable of seeking an examination under Federal Rule of Bankruptcy

---

Chapter 11 cases; section 1104 – to request the appointment of a trustee or examiner; section 1105 – to request the removal of a Chapter 11 trustee; section 1112(e) – to seek conversion of Chapter 11 case where material grounds exist; section 1114 – to appoint a committee of retired employees; section 1163 – to appoint a person from a specified list in a railroad reorganization case; section 1202 – to appoint a Chapter 12 trustee and request that a Chapter 12 trustee perform certain duties; section 1224 – to object to confirmation of a Chapter 12 plan; section 1302 – to appoint the standing Chapter 13 trustee; and section 1307 – to request conversion or dismissal of a Chapter 13 case.

Procedure 2004. The Bankruptcy Code consistently separates the UST from "parties in interest" by "or" or "and," showing that the terms are not interchangeable. *See*, *e.g.*, 11 U.S.C. §§ 330(a), 521(f), 707(b), 1104(a), 1105, 1202(b), 1224, 1307(c).[4] Similarly, the Federal Rules of Bankruptcy Procedure consistently distinguish the UST from "parties in interest". *See* FED. R. BANKR. P. 1014(a), 2003(f), 2007(a), 2007.1(c), 2014(a), 5009, 6006(c), 9003, 9020.[5]

10. The legislative history supports this conclusion. In enacting section 307 of the Bankruptcy Code, Congress addressed the distinction between the UST and a "party in interest":

> The U.S. Trustee is given standing to raise, appear, and be heard on any issue in any case or proceeding under title 11, U.S. Code—except that the U.S. Trustee may not file a plan in a chapter 11 case. In this manner, the U.S. Trustee is given the same right to be heard as a party in interest, but retains the discretion to decide when a matter of concern to the proper administration of the bankruptcy laws should be raised. By ***not*** designating the U.S. Trustee as a party in interest, the legislation ensures that there is no confusion over the U.S. Trustee's role in a case. A party in interest normally has a pecuniary interest in a case; the U.S. Trustee has no pecuniary interest in any case, and functions only as an

---

[4] *See, e.g.,* Section 330(a)(1): "After notice to the parties in interest ***and*** the United States Trustee;" Section 330(a)(2): "The court may, on its own motion or on the motion of the United States Trustee, . . . ***or*** any other party in interest;" Section 521(f): "At the request of the court, the United States trustee, ***or*** any party in interest;" Section 707(b)(1): "After notice and hearing, the court, on its own motion or on a motion by the United States trustee, trustee . . . ***or*** any party in interest;" Section 1104(a): "At any time . . . before confirmation of a plan, on request of a party in interest ***or*** the United States trustee;" Section 1105: "At any time before confirmation of a plan, on request of a party in interest ***or*** the United States trustee;" Section 1202(b)(2): " . . . on request of a party in interest, the trustee ***or*** the United States trustee;" Section 1224: "A party in interest, the trustee ***or*** the United States trustee may object to the confirmation of a plan;" Section 1307(c): " . . . on request of a party in interest ***or*** the United States trustee."

[5] *See, e.g.,* Rule 1014(a): "If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court . . .;" Rule 2003(f): "The United States trustee may call a special meeting of creditors on request of a party in interest ***or*** on the United States trustee's own initiative;" Rule 2007(a): " . . . on motion of a party in interest and after a hearing on notice to the United States trustee . . ." Rule 2007.1(c): "The application shall state . . . all the person's connections with the debtor, creditors, any other parties in interest, the United States trustee, and persons employed in the office of the United States trustee;" Rule 2014(a): ". . . all of the person's connections with the debtor, creditors, any other party in interest, the United States trustee, or any person employed in the office of the United States trustee;" Rule 5009: "If within 30 days no objection has been filed by the United States trustee ***or*** a party in interest, there shall be a presumption that the estate has been fully administered;" Rule 6006(c): "Notice of a motion . . . shall be given to . . . to other parties in interest as the court may direct, ***and***, except in a chapter 9 municipality case, to the United States trustee;" Rule 9003: "(a) Except as otherwise permitted by applicable law, . . . any party in interest, and any attorney, accountant, or employee of a party in interest shall refrain from ex parte meetings . . . (b) Except as otherwise permitted by applicable law, the United States trustee . . . shall refrain from ex parte meetings;" Rule 9020: "Rule 9014 governs a motion for an order of contempt made by the United States trustee ***or*** a party in interest."

6

impartial administrator. H. Rep. No. 99-764, at 27 (1986), *reprinted in*, 1986 U.S.C.C.A.N. 5227, 5240 (emphasis added).

11. If Congress had intended the UST to have the same rights to conduct Rule 2004 examinations as "parties in interest", it would have designated the UST as a "party in interest" somewhere within the Code. It did not, and indeed, it has repeatedly denied the UST that role.

## II.
## OBJECTIONS TO LIST OF DOCUMENTS TO PRODUCE

**REQUEST FOR PRODUCTION NO. 1:** All documents that were used or relied upon by BAC in support or preparation of the First POC, the Second POC, and the Third POC.

**OBJECTION:**

BAC objects to Document Request 1 on the grounds it is vague and ambiguous. Document Request 1 does not articulate the nature of the documents requested (e.g. whether hard copy or electronic) or the format for production. BAC further objects to Document Request 1 on the grounds that Document Request 1 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Document Request 1 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Document Request 1 on the grounds it calls for information that is confidential or trade secret. BAC further objects to Document Request 1 on the grounds it is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO. 2:** All statements and account histories concerning the Note and Mortgage, including but not limited to a complete loan history for the Note.

**OBJECTION:**

BAC objects to Document Request 2 on the grounds it is vague and ambiguous. Document Request 2 does not articulate the nature of the documents requested (e.g. whether hard copy or electronic) or the format for production. BAC further objects to Document Request 2 on the grounds that Document Request 2 is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. BAC further objects to Document Request 2 on the grounds it is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO.3:** All documents regarding BAC's ownership of the "Note" and "Mortgage" referenced on the first page of the First POC, the Second POC and the Third POC, including complete copies of the Note (together with all assignments and endorsements thereof), and complete copies of the Mortgage (together with all assignments and endorsements thereof).

**OBJECTION:**

BAC objects to Document Request 3 on the grounds it is vague and ambiguous. Document Request 3 does not articulate the nature of the documents requested (e.g. whether hard copy or electronic) or the format for production. BAC further objects to Document Request 3 on the grounds that Document Request 3 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Document Request 3 on the grounds it is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO.4:** All documents regarding any transfers of the Note and Mortgage by, between and among any and all prior assignors thereof.

**OBJECTION:**

BAC objects to Document Request 4 on the grounds it is overly broad and unduly burdensome. BAC further objects to Document Request 4 on the grounds that Document Request 4 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO.5:** All documents regarding any transfers of the Note and Mortgage to BAC.

**OBJECTION:**

BAC objects to Document Request 5 on the grounds it is overly broad and unduly burdensome. BAC further objects to Document Request 5 on the grounds that Document

Request 5 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO.6:** For the period of December 2008 through the present, all documents exchanged between BAC and MERS concerning the Note and Mortgage.

**OBJECTION:**

BAC objects to Document Request 6 on the grounds it is overly broad and unduly burdensome. BAC further objects to Document Request 6 on the grounds that Document Request 6 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO.7:** The retainer and/or service agreement(s) between BAC and MERS.

**OBJECTION:**

BAC objects to Document Request 7 on the grounds it is overly broad and unduly burdensome. BAC further objects to Document Request 7 on the grounds that Document Request 7 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO.8:** All documents concerning the authority of LuAnne M. Polak to sign documents in connection with the Note and Mortgage, as well as all documents showing the location where Ms. Polak signed documents in connection with this case.

**OBJECTION:**

BAC objects to Document Request 8 on the grounds it is vague and ambiguous. Document Request 8 does not articulate the nature of the documents requested (e.g. whether hard copy or electronic) or the format for production. BAC further objects to Document Request 8 on the grounds that Document Request 8 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Document Request 8 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC

further objects to Document Request 8 on the grounds it calls for information that is confidential or trade secret. BAC further objects to Document Request 8 on the grounds it is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO.9:** All correspondence (including emails) to or from any person (including but not limited to the Debtor/borrowers, any authorized agent(s) or any third party) regarding the loan evidenced by the Note, and the Mortgage.

**OBJECTION:**

BAC objects to Document Request 9 on the grounds it is vague and ambiguous. Document Request 9 does not articulate the nature of the documents requested (e.g. whether hard copy or electronic) or the format for production. BAC further objects to Document Request 9 on the grounds that Document Request 9 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Document Request 9 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Document Request 9 on the grounds it is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO.10:** Copies of any and all notes made by BAC's employees, or any agent employed by BAC to review or otherwise manage or service the loan evidenced by the Note regarding the amounts due under the Note; the calculation of any principal, interest, fees or other charges, whether pre-or post-petition; the calculation of or application of any payments made against the loan balance or any charges arising under the Note; together with any notes evidencing or regarding any communications with the above named debtors or their counsel, whether such communications were oral or written, to the extent these notes are not produced in response to request no. 9 above.

**OBJECTION:**

BAC objects to Document Request 10 on the grounds that Document Request 10 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Document Request 10 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Document Request 10 on the grounds it is overly broad and unduly burdensome.

**REQUEST FOR PRODUCTION NO.11:** All documents concerning any policy or procedure, written or otherwise published, concerning BAC's drafting, verifying and filing of motions for relief from the automatic stay in bankruptcy cases in the Southern District of New York, effective on July 12, 2010.

**OBJECTION:**

BAC objects to Document Request 11 on the grounds it is vague and ambiguous. Document Request 11 does not articulate the nature of the documents requested (e.g. whether hard copy or electronic) or the format for production. BAC further objects to Document Request 11 on the grounds that Document Request 11 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Document Request 11 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Document Request 11 on the grounds it is overly broad and unduly burdensome. BAC further objects to Document Request 11 on the grounds it calls for information that is confidential or trade secret.

**REQUEST FOR PRODUCTION NO.12:** All documents concerning any policy or procedure, written or otherwise published, concerning BAC's drafting, verifying and filing of proofs of claim in bankruptcy cases in the Southern District of New York, effective on July 12, 2010.

**OBJECTION:**

BAC objects to Document Request 12 on the grounds it is vague and ambiguous. Document Request 12 does not articulate the nature of the documents requested (e.g. whether hard copy or electronic) or the format for production. BAC further objects to Document Request 12 on the grounds that Document Request 12 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Document Request 12 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Document Request 12 on the grounds it is overly broad and unduly

burdensome. BAC further objects to Document Request 12 on the grounds it calls for information that is confidential or trade secret.

## III.
## OBJECTIONS TO TOPICS FOR EXAMINATION

**TOPIC NO. 1:** The policies and procedures of BAC, applicable to the Bankruptcy Case, for preparing and validating motions for relief from the automatic stay and proofs of claim for submission and filing in bankruptcy cases of customers who are debtors under Chapters 7 and 13.

**OBJECTION:**

BAC objects to Topic Number 1 on the grounds that Topic Number 1 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Topic Number 1 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Topic Number 1 on the grounds it is overly broad and unduly burdensome. BAC further objects to Topic Number 1 on the grounds it calls for information that is confidential or trade secret.

**TOPIC NO. 2:** The policies and procedures of BAC, applicable to the Bankruptcy Case, for collection on accounts of customers that have filed voluntary bankruptcy petitions under Chapters 7 and 13.

**OBJECTION:**

BAC objects to Topic Number 2 on the grounds that Topic Number 2 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Topic Number 2 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Topic Number 2 on the grounds it is overly broad and unduly burdensome. BAC further objects to Topic Number 2 on the grounds it calls for information that is confidential or trade secret.

**TOPIC NO. 3:** Handbooks, computer files and any other media materials for the training of employees and agents of BAC instructing them on how to prepare, validate and file filing [sic] of proofs of claim and or motions for relief from the automatic stay, in the United States Bankruptcy Courts.

**OBJECTION:**

BAC objects to Topic Number 3 on the grounds that Topic Number 3 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Topic Number 3 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Topic Number 3 on the grounds it is overly broad and unduly burdensome. BAC further objects to Topic Number 3 on the grounds it calls for information that is confidential or trade secret.

**TOPIC NO. 4:** BAC's relationship with MERS as that relationship concerns the Bankruptcy Case.

**OBJECTION:**

BAC objects to Topic Number 4 on the grounds that Topic Number 4 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 5:** BAC's policies and procedures for monitoring payments made on the Debtor's account prior to the Bankruptcy Case.

**OBJECTION:**

BAC objects to Topic Number 5 on the grounds that Topic Number 5 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Topic Number 5 on the grounds it is overly broad and unduly burdensome. BAC further objects to Topic Number 5 on the grounds it calls for information that is confidential or trade secret.

**TOPIC NO. 6:** BAC's policies and procedures, applicable to the Bankruptcy Case, for referring a proof of claim for filing.

**OBJECTION:**

BAC objects to Topic Number 6 on the grounds that Topic Number 6 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Topic Number 6 on the grounds it calls for information protected by the attorney-client and/or work product privileges. BAC further objects to Topic Number 6 on the grounds it calls for information that is confidential or trade secret.

**TOPIC NO. 7:** On behalf of BAC, who concluded that the proofs of claim should be filed in the Bankruptcy Case.

**OBJECTION:**

BAC objects to Topic Number 7 on the grounds that Topic Number 7 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**TOPIC NO. 8:** The documents on which BAC relied in preparing its motion for relief in the Bankruptcy Case.

**OBJECTION:**

BAC objects to Topic Number 8 on the grounds that Topic Number 8 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Topic Number 8 on the grounds it calls for information protected by the attorney-client and/or work product privileges.

**TOPIC NO. 9:** Information regarding all documents requested in Exhibit "A" appended to the Application.

**OBJECTION:**

BAC objects to Topic Number 9 on the grounds that Topic Number 9 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. BAC further objects to Topic Number 9 on the grounds it is vague and ambiguous. BAC further objects to Topic Number 9 on the grounds it calls for information protected by the attorney-client and/or work

product privileges.  BAC further objects to Topic Number 9 on the grounds it is overly broad and unduly burdensome.  BAC further objects to Topic Number 9 on the grounds it calls for information that is confidential or trade secret.

## IV.
## CONCLUSION

WHEREFORE, BAC prays the Court quash the subpoena, sustain its objections to the document requests and examination topics contained in the subpoena, and for such other relief as is just and proper.

Dated:  January 26, 2011
New York, New York

Respectfully submitted,

*/s/ Joseph N. Froehlich*
Joseph N. Froehlich
Casey B. Howard
LOCKE LORD BISSELL & LIDDELL LLP
3 World Financial Center
New York, New York 10281-2101
Phone: (212) 415-8600
Fax: (212) 812-8398
jfroehlich@lockelord.com
choward@lockelord.com

*ATTORNEYS FOR BAC HOME LOANS SERVICING, L.P.*

Of Counsel:

Thomas A. Connop
State Bar No. 04702500
Bradley C. Knapp
State Bar No. 24060101

LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Telecopier:  (214) 740-8800

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum of Law In Support of BAC Home Loans Servicing, L.P.'s Motion to Quash Subpoena was served via United States first-class mail, postage prepaid, to the parties listed below on this 26th day of January, 2011:

Greg M. Zipes (GMZ-4539)  
Trial Attorney  
Office of the United States Trustee  
33 Whitehall Street, 21st Floor  
New York, New York 10004  
*Attorney for Tracy Hope Davis, Acting United States Trustee, Region 2*

Linda M. Tirelli  
Law Offices of Linda M. Tirelli  
One North Lexington Ave.  
11th Floor  
White Plains, NY 10601  
*Attorney for Debtor*

Jeffrey L. Sapir-13  
As Chapter 13 and Chapter 12 Trustee  
399 Knollwood Road  
Suite 102  
White Plains, NY 10603  
*Chapter 13 Trustee*

Additional service was completed via ECF upon all parties registered to receive service via ECF in this case.

                                                          */s/ Joseph N. Froehlich*  
                                                          Counsel for Defendant